UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BILLY JO BLAHA,

    *Plaintiff,*

    v.

SAUK COUNTY AND BLAKE ZIBELL,

    *Defendants.*

Case No. 3:24-cv-834

## COMPLAINT

Plaintiff Billy Jo Blaha by her attorneys, Strang Bradley, LLC, for her complaint against Defendants, state as follows:

### INTRODUCTION

1. This lawsuit is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Billy Jo Blaha's constitutional right to be free from unreasonable searches in violation of the Fourth Amendment of the United States Constitution.

2. On December 27, 2021, Defendant Sauk County Sheriff's Office Deputy Blake Zibell arrested Plaintiff Billy Jo Blaha for drunk driving.

3. Zibell asked Blaha to consent to a blood draw.

4. Blaha said no.

5. Zibell then took Blaha to the Sauk County Jail, where Blaha's blood was drawn without a warrant.

6. Although he never checked a box on the informing the accused form indicating whether Blaha consented to a blood draw, Zibell wrote in his police report that Blaha had consented to a blood draw.

7. Plaintiff seeks actual or compensatory damages against Defendant, and because he acted recklessly and with callous indifference to the federally protected rights of Plaintiff, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and § 1343(a)(3) (42 U.S.C. §1983 jurisdiction).

9. Venue is proper under 28 U.S.C. § 1391(b)(2). The events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

10. Plaintiff Billy Jo Blaha is an adult resident of Wisconsin.

11. Defendant Sauk County is a political subdivision of the state of Wisconsin and is or was the employer of Defendant Zibell and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment. Sauk County is sued as an indemnitor.

12. Defendant Blake Zibell was, at the time of this occurrence, employed as a deputy in the Sauk County Sheriff's Office. He is sued in his individual capacity

13. Defendant Zibell engaged in the conduct complained of while he was on duty, acting under color of state law, ordinance, and regulation.

14. Defendant Zibell engaged in the conduct complained of in the course and scope of his employment with Sauk County.

## FACTS

15. On December 27, 2021, Defendant Deputy Zibell saw Blaha's car turn right at a stop sign.

16. Zibell pulled her over for not stopping at the stop sign.

17. After Zibell smelled alcohol, he investigated Blaha for operating while intoxicated, which culminated in a preliminary breath test.

18. The preliminary breath test showed Blaha had alcohol in her blood, and Zibell arrested her for an OWI.

19. Zibell placed Blaha in the back of his squad car and read her Wisconsin's informing the accused form as part of Wisconsin's implied consent law. *See* WIS. STAT. § 343.305(4).

20. There is an audio recording of the following conversation.

21. Zibell then asked Blaha whether she would submit to an evidentiary test of her blood.

22. Blaha asked Zibell if there was a way she could do a test without needles.

23. Zibell again asked her whether she would submit to a blood test.

24. And Blaha explained that she doesn't like needles and said, "I'm not a needles person."

25. Zibell told her that he needed a yes or a no.

26. Blaha again told him that she doesn't like needles but was willing to submit to a test.

27. Zibell asked her, "So you don't want to do it?"

28. Blaha responded, "I don't want to do needles."

29. Zibell then asked her, "If there's another way to get your blood, would you do the blood?" And Blaha said, "Yes."

30. Zibell then asked, "So you're willing to submit to an evidentiary chemical test of your blood?"

31. Blaha responded, "No." And Zibell said, "Okay."

32. Zibell then declined to a check a box on the informing the accused form.

> Will you submit to an evidentiary chemical test of your **BLOOD**?
>
> Accused's Response: __Yes  __No

33. Zibell then drove Blaha to the Sauk County jail.

34. Zibell never obtained a warrant for Blaha's blood.

35. Zibell never attempted to obtain a warrant.

36. Zibell never gained Blaha's consent to draw her blood.

37. At the jail, Zibell ordered an emergency medical technician to draw Blaha's blood.

38. Zibell wrote in his report that Blaha had consented to a blood draw.

> Billy Jo was seated in the rear passenger seat of my emergency vehicle. I read to Billy Jo the informing the accused form. At 3:58 AM Billy Jo stated yes when asked if she would consent to an evidentiary chemical test of her blood.

39. Zibell had pulled Blaha over at about 3:30 A.M.

40. Blaha declined to consent to a blood draw at about 4:00 A.M.

41. The blood draw was completed at about 5:20 A.M.

42. Sauk County Sheriff's Office deputies can obtain a warrant in less than an hour.

43. The Sauk County District Attorney's Office charged Blaha with an OWI.

44. After Blaha moved to suppress the blood test, the DA's office dismissed the charges against her.

## COUNT I
### 42 U.S.C. § 1983 Claim for Unreasonable Search and Seizure

45. Plaintiff realleges the above paragraphs.

46. The actions of Defendant Zibell in ordering an EMT to draw Blaha's blood against her will without a warrant and without any other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and thus violated 42. U.S.C. § 1983.

47. Zibell knew there were not exigent circumstances, such as a medical emergency or a pressing need to timely preserve evidence, and still ordered the unlawful blood draw.

48. Zibell acted recklessly or with callous indifference to the federally protected rights of Plaintiff.

49. As a direct and proximate result of this Defendant's unlawful action, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Zibell and because he acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that Sauk County is liable to defend this action against Defendant Zibell and to satisfy any judgment entered against their employees by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: November 22, 2024

/s/ R. Rick Resch
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff