IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BILLY JO BLAHA,

                Plaintiff,

v.

SAUK COUNTY and BLAKE ZIBELL,

                Defendants.

OPINION and ORDER

24-cv-834-jdp

---

Plaintiff Billy Jo Blaha contends that defendant Blake Zibell violated her Fourth Amendment rights when he ordered a paramedic to draw her blood without her consent. The trial date will be determined at the first final pretrial conference, which is scheduled for February 11, 2026, at 2:30 p.m. This order addresses the parties' motions in limine.

ANALYSIS

A. Blaha's motions in limine

    1. Evidence regarding Blaha's criminal and legal history

Blaha moves to exclude evidence of her "criminal and legal history." Dkt. 41, at 1.[1] Specifically, she wants to exclude details about her prior criminal cases, her pending criminal cases, and her involvement in three civil cases. *Id.* Defendants oppose Blaha's motion only as it relates to her prior and pending OWI matters, *see* Dkt. 57, at 1–2, so the court will grant Blaha's motion in all other respects.

---

[1] Citations to filings from the docket use the page numbers assigned by CM/ECF, not the page numbers in the original document.

As for Blaha's OWI matters, defendants want to introduce evidence that Blaha has had her blood drawn before, evidence which they contend affects her credibility, claimed damages, and emotional distress. *Id.* To support their contention, defendants cite the following excerpts from Blaha's deposition:

> Q: I'm just asking if you have any recollection of having a conversation with the EMT.
>
> A: No, not -- no. If I did, I mean if I would have had a conversation with the EMT and she would have asked me or anybody asked me to take my blood, I probably would have said no because I don't like needles, for one.
>
> . . .
>
> Q: And then sort of like this mental, you know, distress that you've kind of described here, you said you still have it today; is that correct?
>
> A: Because I've never been so violated in my life. I've never experienced anything like that.

Dkt. 13 (Blaha Dep. 34:22–35:2, 61:16–20). Defendants anticipate that Blaha will give similar testimony at trial. If she does, defendants may directly impeach her testimony with questions about blood draws during previous arrests. This line of questioning is not barred by Rule 404(b) of the Federal Rules of Evidence, which provides in relevant part:

> (1) Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). Defendants seek to use evidence of Blaha's prior blood draws for a non-propensity purpose, namely, to show that Blaha's trial testimony about never having experienced anything like the blood draw at issue is false. The court will limit the testimony to

2

the issue of the blood draws so that the probative value of the impeachment evidence is not outweighed by the danger of unfair prejudice to Blaha.

### 2. Evidence regarding Blaha's alcohol and drug history

Blaha moves to exclude evidence regarding her alcohol and drug history, which the court understands to mean everything except her alcohol and drug use during the events in question. *See* Dkt. 41, at 2–3. The court will grant this motion as unopposed.

### 3. Evidence regarding other acts without a prior court ruling allowing it

Blaha moves to exclude evidence regarding other acts without a prior court ruling. Dkt. 41, at 3. Specifically, she seeks to exclude evidence that she has previously consumed alcohol and driven without having been arrested. *Id.* The court will grant this motion as unopposed.

### 4. Argument regarding exigent circumstances exception to warrant requirement

Blaha moves to prevent defendants from arguing that the warrantless draw of Blaha's blood was justified by exigent circumstances. Dkt. 41, at 3–4. The court will grant this motion as unopposed.

### 5. Evidence regarding Zibell's decision not to testify at suppression hearing

Blaha moves to admit evidence of Zibell's decision not to testify at the state court suppression hearing related to Blaha's blood draw. Dkt. 41, at 4–5. Blaha argues that Zibell's decision not to testify is admissible because it shows "consciousness of guilt"; Zibell chose not to testify, the argument goes, because he knew that Blaha had not consented to a blood draw and did not want to lie on the stand. *Id.* Defendants oppose Blaha's motion, contending that the evidence is irrelevant and unfairly prejudicial, and it would invite the jury to engage in improper speculation. Dkt. 57, at 4–7.

3

Zibell's decision not to testify is relevant evidence because it tends to make it more probable that Blaha did not consent to the blood draw, the key issue in this case. Fed. R. Evid. 401. In the criminal context, the prosecution may not comment on a defendant's refusal to testify because of the risk that the jury will improperly infer a defendant's guilt from his silence. *See United States v. Hills*, 618 F.3d 619, 640 (7th Cir. 2010). But in the civil context, the jury may draw an adverse inference from an individual's refusal to testify. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995). Defendants contend that Zibell didn't testify "because he was uncomfortable and nervous," and "he had never testified in court before." Dkt. 57, at 5. Maybe so, but whether Zibell's account is credible is for the jury to resolve. Blaha may present evidence regarding Zibell's decision not to testify.

### 6. Evidence from Sherman that Zibell told him Blaha consented

Blaha moves to exclude certain testimony from the paramedic who drew Blaha's blood, Richard Sherman, as improper hearsay; specifically, she seeks to exclude evidence that Zibell told Sherman that Blaha had consented to a blood draw. Dkt. 41, at 5–6. The court will grant this motion as unopposed.

### 7. Evidence that Zibell learned Blaha's restricted BAC limit was 0.02

Blaha moves to exclude certain testimony from Zibell regarding Blaha's restricted BAC limit of 0.02 because it is irrelevant and would unfairly prejudice Blaha. Dkt. 41, at 6. The court will grant this motion as unopposed.

### 8. Evidence regarding Blaha's jail phone calls referring to the blood draw

Blaha moves to exclude the recordings of two phones calls she made while she was in jail in which she discussed the blood draw at issue. Dkt. 41, at 7–8. Blaha contends that defendants did not timely disclose those recordings, so they shouldn't be allowed to present

4

them as evidence at trial. *See id.* Defendants oppose Blaha's motion, contending that they couldn't have disclosed the recordings any earlier. *See* Dkt. 57, at 7–9.

This is the pertinent timeline:

- During Blaha's deposition in early July 2025, defendants become aware that Blaha's jail phone calls might be relevant, *id.*;
- Discovery closes on August 8, 2025, and no party moves to extend discovery. Dkt. 9, at 3;
- The same day, defendants file a motion for summary judgment. Dkt. 15;
- Defendants' summary judgment motion goes under advisement on September 8, 2025. *See* Dkt. 27;
- On September 17, 2025, defendants disclose to Blaha that they identified two calls Blaha made while she was in jail that contain relevant evidence. Dkt. 28;
- On December 18, 2025, the court denies defendants' summary judgment motion. Dkt. 34;
- On December 23, 2025, defendants supplement their discovery responses and initial disclosures with 226 additional recordings of calls Blaha made while in jail. Dkt. 57, at 7.

Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure requires parties to supplement disclosures "in a timely manner" if the information it previously disclosed is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." If a party fails to timely supplement its disclosures, the party is "not allowed to use that [additional] information . . . at a trial." Fed. R. Civ. P. 37(c)(1). This sanction is "automatic and mandatory," *Johnson v. C.R. Bard, Inc.*, 77 F.4th 641, 646 (7th Cir. 2023) (citation omitted), unless the failure to supplement was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether the failure was substantially justified or is harmless, courts consider four factors:

5

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."

*David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *see Johnson*, 77 F.4th at 646.

Blaha argues she was prejudiced because defendants did not disclose the two recordings at issue until after discovery had closed, and defendants did not produce the remaining 226 recordings of Blaha's jail calls until late-December 2025. Dkt. 41, at 8. As a result, Blaha says that her ability to investigate the calls was limited; she could not depose relevant witnesses, and she lacked sufficient time to review all the calls for evidence to support her theory of the case. *See id.* Defendants push back on Blaha's argument: they say that Blaha knew these recordings existed (she made the calls), and she has enough time to review the recordings because the court has struck the trial date for this case. *See* Dkt. 57, at 7–9.

Defendants have not shown that their failure to supplement their disclosures was substantially justified or harmless. Defendants knew in July 2025 that Blaha's jail phone calls might be relevant. But they offer no explanation for why the recordings of those calls, which were in the possession of Sauk County, weren't immediately available. Defendants then waited until after the court resolved their summary judgment motion to dump the remaining 226 recordings on Blaha, giving her limited time to review the recordings before trial, even though defendants knew six months prior that the recordings might be relevant. Defendants provide no explanation why these remaining recordings were not available before then. That the court struck the trial date in this case is irrelevant to the analysis: Blaha didn't know that was going to happen. In the meantime, she has had to choose between investigating the newly disclosed recordings or getting ready to present her case to the jury. Defendants' delay in

6

disclosing the recordings was not justified and harmed Blaha's ability to prepare for trial, so the court will exclude the recordings of Blaha's jail calls.

### 9. Evidence regarding Blaha's sexual assault prior to the traffic stop apart from its effect on Blaha's memory of the events at issue

Blaha moves to exclude evidence related to her being drugged and sexually assaulted prior to the traffic stop leading to the blood draw, except as relevant to her memory of the events in question. Dkt. 41, at 9–10. Blaha asks the court to reserve a ruling on this motion until the parties can discuss a workable solution at the first final pretrial conference, *id.*, and defendants do not oppose this approach, Dkt. 57, at 9. There is no need to wait until the first final pretrial conference to attempt to resolve the matter by agreement. The court orders the parties to meet and confer regarding a workable solution before then. If the parties can't agree, at the first final pretrial conference, Blaha should be prepared to explain what evidence she wants to present, and defendants should be prepared to share what questions they intend to ask her. The parties should also be prepared to discuss whether all evidence on this issue should be excluded given the risk of confusing the issues and distracting the jury.

### 10. Evidence from Zibell that being a police officer is dangerous or difficult

Blaha moves to exclude certain testimony from Zibell regarding whether being a police officer is a dangerous or difficult job. Dkt. 41, at 10. The court will grant this motion as unopposed.

### 11. Reference to jury as "taxpayers"

Blaha moves to preclude defendants from referring to members of the jury as taxpayers. Dkt. 41, at 10. The court will grant this motion as unopposed.

12. **Evidence regarding Sherman's discussions with Zibell's attorney**

Blaha moves to admit evidence from the paramedic, Richard Sherman, regarding the number of times he met with Zibell's attorney and the contents of those discussions. Dkt. 41, at 10–12. Blaha wants to ask Sherman four questions:

> 1. Whether he communicated with defendants' counsel;
>
> 2. How many times he communicated with defendants' counsel;
>
> 3. What the general purpose of those communications were;
>
> 4. Whether defendants' counsel is also his counsel.

*Id.* at 12 (cleaned up). Defendants oppose Blaha's motion, contending that the proposed questions "have no relevance and should not be allowed." Dkt. 57, at 10.

The court understands that Blaha wants to ask Sherman these questions to show that he is biased in favor of defendants. Evidence of a witness's bias is "always relevant, and parties should be granted reasonable latitude in cross-examining target witnesses." *United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999). The court will allow Blaha to ask Sherman her first three proposed questions, as well as follow-up questions based on his answers, until the probative value of the testimony is outweighed by the danger of wasting time.

The court will reserve a ruling regarding the fourth of Blaha's proposed questions. At the first final pretrial conference, the parties should be prepared to discuss this question and how its answer might affect the scope of Blaha's questioning of Sherman.

B. **Defendants' motions in limine**

1. **Evidence of Blaha's statements during traffic stop**

Defendants move to exclude evidence of Blaha's statements during the traffic stop, contending that the statements are hearsay. Dkt. 36, at 1. Specifically, they seek to exclude a

recording in which Zibell reads Blaha Wisconsin's "Informing the Accused" form and Blaha declines to consent to a blood draw. Blaha opposes defendants' motion, contending that the recording is admissible for a non-hearsay purpose. Dkt. 49, at 1.

When a party offers an out-of-court statement in evidence for reasons other than proving the truth of the matter asserted in the statement, that statement is not hearsay. Fed. R. Evid. 801(c). For example, an out-of-court statement offered in evidence for its effect on the listener, here Zibell, is not hearsay. *United States v. Law*, 990 F.3d 1058, 1062 (7th Cir. 2021). A statement is offered for its effect on the listener "if the listener heard and reacted to the statement and if the 'actual use' of the statement at trial [is] to demonstrate the listener's response." *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) (citations omitted). Blaha may offer the recording in evidence to show the effect of Blaha's statements on Zibell. More fundamentally, Blaha's statements in which she declines to consent are not offered for the truth. Rather, they are offered to show that Blaha refused consent, which is the act at issue in this case.

The court flags one issue about the recording: Blaha's statements are difficult to understand. The court may exclude a recording when the unintelligible portions of it are so substantial that they render the recording untrustworthy. *United States v. Zambrana*, 864 F.2d 494, 498 (7th Cir. 1988) (citation omitted). But when a recording is generally audible with only some inaudible portions, the trustworthiness of the recording is for the jury to decide. *United States v. Robinson*, 956 F.2d 1388, 1395 (7th Cir. 1992).

To assist the jury, the court orders the parties to prepare a stipulated transcript of the recording. *Zambrana*, 864 F.2d at 498; *see* Fed. R. Evid. 107(a). The parties' summary judgment filings indicate that the contents of the recording are undisputed, so this shouldn't be a heavy

9

lift. *See* Dkt. 26, ¶¶ 4–11. The parties have until the first final pretrial conference to prepare the stipulated transcript. If the parties cannot reach an agreement regarding the transcript, they should be prepared to discuss their areas of disagreement at the first final pretrial conference.

### 2. Evidence regarding insurance coverage

Defendants move to exclude evidence that defendants are covered by insurance in this matter. Dkt. 36, at 2. The court will grant this motion as unopposed.

### 3. Evidence from undisclosed witnesses and of untimely expert opinions

Defendants move to exclude evidence from undisclosed witnesses and of untimely expert opinions, contending that any such witnesses and opinions should be excluded from evidence. Dkt. 36, at 2. The court will grant this motion as unopposed.

### 4. Evidence regarding indemnification or insurance

Defendants move to exclude evidence regarding indemnification or insurance. Dkt. 36, at 3. The court will grant this motion as unopposed, except that the court will reserve a ruling on whether Blaha could present evidence and argument on the topics if defendants open the door to them.

### 5. Evidence regarding County as a party and removing County from captions

Defendants move to exclude evidence regarding Sauk County as a party to the case and request that the court remove the County from the caption of any exhibit, pleading, or document shown to the jury. Dkt. 36, at 3–4. The court's usual practice is to do just that. *See, e.g., Murphy v. Juneau Cnty.*, 22-cv-33-jdp, 2023 WL 3040649, at *7 (W.D. Wis. Apr. 21, 2023). The court will grant this motion as unopposed.

### 6. [Omitted]

Defendants did not include a sixth motion in limine in their filing.

### 7. Evidence of injury and lost wages

Defendants move to exclude evidence regarding "physical injury, medical or mental-health treatment, lost wages, or any other damages that were not timely disclosed during discovery." Dkt. 36, at 6. Blaha opposes defendants' motion because it would prevent her from testifying to her own perceptions of the blood draw, including the pain and emotional distress she experienced because of it. *See* Dkt. 49, at 3, 5. The court does not understand defendants to be seeking to exclude such testimony. During her deposition, Blaha said that she had "never been so violated in my life," Dkt. 13 (Blaha Dep. 61:19), so defendants were on notice that Blaha might testify about the pain and emotional distress she experienced from the blood draw. But that is the only type of damages that Blaha has disclosed. The court will grant this motion as unopposed.

### 8. Reference to Blaha as a "victim"

Defendants move to prevent Blaha and her witnesses from referring to Blaha as a "victim" because the term "assumes disputed facts and legal conclusions that are for the jury to decide." Dkt. 36, at 7. Blaha opposes defendants' motion, arguing that this case is all about whether she is a victim of police misconduct, so she should be allowed to refer to herself as a victim. Dkt. 49, at 4. Blaha also argues that defendants' motion would prevent her from referring to herself as a victim of sexual assault. *Id.*

The court will restrict counsel from referring to Blaha as a victim during the evidence phase of the trial because of the risk of unfair prejudice to defendants. *See Rivera v. Heck*, No. 16-cv-673-wmc, 2018 WL 4354949, at *16 (W.D. Wis. Sept. 12, 2018). But counsel may refer to Blaha as a victim during their opening statements and closing arguments if they wish.

11

Blaha and other witnesses may refer to Blaha as a victim in their testimony if that is what they perceive her to be.

### 9. Evidence of Zibell's employment or disciplinary history

Defendants move to exclude evidence of Zibell's employment history or disciplinary records, contending that such evidence is irrelevant to whether the blood draw was lawful, would distract the jury, and is unfairly prejudicial to defendants. Dkt. 36, at 7. Blaha opposes defendants' motion because it would prevent her from questioning Zibell about his training, which Blaha contends is relevant to liability and punitive damages. Dkt. 49, at 4.

Zibell's training is not relevant to liability because it is not a fact of consequence in determining this action. Fed. R. Evid. 401(b). The relevant inquiry is whether Zibell violated Blaha's Fourth Amendment rights by ordering that her blood be drawn without her consent. Zibell's training and whether he acted in accordance with that training "sheds no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment." *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006). Although Zibell's training is not relevant to liability, it might be relevant for punitive damages purposes because acting inconsistent with one's training is circumstantial evidence of intent. *See Hernandez for Est. of Cruz v. City of Peoria*, No. 19-cv-1153, 2023 WL 5015418, at *2–4 (C.D. Ill. Aug. 4, 2023); *Brooks v. City of Chicago*, No. 13-cv-03090, 2015 WL 3545386, at *5 (N.D. Ill. June 5, 2015).

The court will reserve a ruling on this motion. It is not clear what evidence Blaha has regarding Zibell's training. At the first final pretrial conference, Blaha should be prepared to discuss what evidence she intends to present. The parties should also be prepared to discuss whether the probative value of the evidence is outweighed by the danger of confusing the issues.

12

10. **Lay opinion testimony regarding medical diagnosis or causation**

Defendants move to prevent Blaha and any lay witnesses from testifying about a medical diagnosis or the cause of a medical condition. *See* Dkt. 36, at 9–11. Defendants contend that such evidence requires expert testimony, and plaintiff has not disclosed any expert testimony. *See id.* Blaha opposes defendants' motion because it would prevent her from testifying about how the blood draw caused her pain and emotional distress. *See* Dkt. 49, at 5.

The court addressed a similar issue in *Raddant v. Larson*, No. 22-cv-555-jdp, 2024 WL 4707100 (W.D. Wis. Nov. 7, 2024). There, the court held:

> Raddant can testify about the pain and emotional distress he experienced because of the use of force, so long as that testimony is rationally based on his own perceptions. But Raddant may not diagnose himself with a medical condition or offer an opinion that he suffers from a condition or needed specific treatment because of defendants' conduct.

*Raddant*, 2024 WL 4707100, at *4 (citation omitted). The same result follows here: Blaha (and any other witness) may offer testimony rationally based on her own perceptions. Fed. R. Evid. 701. But Blaha may not testify that she has any medical or psychological condition, or about any future conditions or symptoms. The court will grant defendants' motion in all other respects.

11. **Evidence of damages unrelated to the blood draw**

Defendants move to exclude evidence of Blaha's damages unrelated to the blood draw, including any damages resulting from the traffic stop, related criminal proceedings, or unrelated personal events. Dkt. 36, at 11. Blaha opposes defendants' motion because it would prevent her from offering testimony about how the blood draw caused her pain and emotional distress. Dkt. 49, at 5. The court does not understand defendants to be seeking to exclude such testimony. Any testimony rationally based on Blaha's own perceptions about how the blood

13

draw affected her would not be excluded by defendants' motion, which addresses only damages "unrelated to the blood draw." Dkt. 36, at 11. The court will grant this motion as unopposed.

12. **Evidence concerning underlying criminal case**

Defendants seek to exclude evidence regarding the underlying state court criminal proceedings in this case, which defendants contend are irrelevant. Dkt. 36, at 12. Blaha opposes defendants' motion because it would prevent her from presenting as evidence Zibell's decision not to testify at Blaha's suppression hearing. Dkt. 49, at 6. The court previously decided that Blaha may present evidence of Zibell's decision not to testify, s*ee supra* Pl.'s Mot. in Lim. No. 5, so the court will deny the motion to that extent. The court will otherwise grant the motion as unopposed.

13. **Evidence of special damages**

Defendants move to exclude evidence of special damages. Dkt. 36, at 13. The court will grant this motion as unopposed.

14. **Request to sequester witnesses**

Defendants move to sequester non-party witnesses from the courtroom. Dkt. 36, at 14. The court will grant this motion as unopposed.

ORDER

IT IS ORDERED that:

1. The court rules on plaintiff Billy Jo Blaha's motions in limine as follows:

    a. The motion to exclude evidence of Blaha's criminal and legal history, Dkt. 41, is GRANTED in part and DENIED in part. The motion is DENIED as to Blaha's prior blood draws. The motion is GRANTED in all other respects.

    b. The motion to exclude evidence of Blaha's alcohol and drug history except for her alcohol and drug use during the events in question, Dkt. 41, is GRANTED.

    c. The motion to exclude evidence of other acts without a prior court ruling allowing it, Dkt. 41, is GRANTED.

    d. The motion to prevent defendants from arguing that the exigent circumstances exception to the warrant requirement applies to the blood draw, Dkt. 41, is GRANTED.

    e. The motion to admit evidence of defendant Blake Zibell's decision not to testify at Blaha's suppression hearing, Dkt. 41, is GRANTED.

    f. The motion to exclude evidence that Zibell told the paramedic who drew Blaha's blood that Blaha consented to the blood draw, Dkt. 41, is GRANTED.

    g. The motion to exclude evidence that Zibell learned of Blaha's restricted BAC limit, Dkt. 41, is GRANTED.

    h. The motion to exclude evidence of Blaha's jail phone calls referring to the blood draw, Dkt. 41, is GRANTED.

    i. The court reserves a ruling on the motion regarding evidence of Blaha's sexual assault prior to the traffic stop, except as relevant to her memory of the events in question. Dkt. 41. The parties are ordered to meet and confer on the subject before the first final pretrial conference.

    j. The motion to exclude evidence that being a police officer is dangerous or difficult, Dkt. 41, is GRANTED.

    k. The motion to prevent defendants from referring to the jury as "taxpayers," Dkt. 41, is GRANTED.

    l. The motion to admit evidence of Sherman's discussions with Zibell's attorney, Dkt. 41, is GRANTED, except that the court reserves a ruling on Blaha's fourth proposed question.

2. The court rules on defendants Sauk County and Blake Zibell's motions in limine as follows:

    a. The motion to exclude evidence of Blaha's recorded statement during the traffic stop, Dkt. 36, is DENIED. The parties have until the first final pretrial conference to prepare a stipulated transcript of the recording. If the parties cannot reach an agreement regarding the transcript, they

15

should be prepared to discuss their areas of disagreement at the first final pretrial conference.

b. The motion to exclude evidence of insurance coverage, Dkt. 36, is GRANTED.

c. The motion to exclude evidence from undisclosed witnesses and of untimely expert opinions, Dkt. 36, is GRANTED.

d. The motion to exclude evidence of indemnification or insurance, Dkt. 36, is GRANTED, except that the court reserves a ruling on whether Blaha would be allowed to present evidence and argument on the topics if defendants open the door to them.

e. The motion to exclude evidence of the County as a party and requesting the removal of the County from any captions, Dkt. 36, is GRANTED.

f. The motion to exclude evidence of injury and lost wages, Dkt. 36, is GRANTED.

g. The motion to prevent Blaha and her witnesses from referring to Blaha as a "victim," Dkt. 36, is GRANTED in part and DENIED in part. The motion is GRANTED to the extent counsel refer to Blaha as a victim during the evidence phase of the trial. The motion is DENIED in all other respects.

h. The motion to exclude evidence of Zibell's employment or disciplinary history, Dkt. 36, is GRANTED, except that the court will reserve a ruling as to any evidence of Zibell's training.

i. The motion to exclude lay opinion testimony of a medical diagnosis or medical causation, Dkt. 36, is GRANTED in part and DENIED in part. The motion is DENIED to the extent it would prevent Blaha and other lay witnesses from offering testimony rationally based on their own perceptions. The motion is GRANTED in all other respects.

j. The motion to exclude evidence of damages unrelated to the blood draw, Dkt. 36, is GRANTED.

k. The motion to exclude evidence concerning the underlying criminal case, Dkt. 36, is GRANTED, except that Blaha may present evidence regarding Zibell's decision not to testify at the state court suppression hearing.

l. The motion to exclude evidence of special damages, Dkt. 36, is GRANTED.

      m. The motion to sequester non-party witnesses from the courtroom, Dkt. 36, is GRANTED.

Entered February 9, 2026.

                      BY THE COURT:

                      /s/

                      _____
                      JAMES D. PETERSON
                      District Judge